UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUSTIN JAMAL WALKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-3049** |
| **MARLIN N. GUSMAN, SHERIFF, ET AL.** | **SECTION: "C"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Justin Jamal Walker, a state inmate, filed this *pro se* and *in forma pauperis* federal civil rights action pursuant to 42 U.S.C. § 1983. He sued Orleans Parish Sheriff Marlin N. Gusman, Major Carlos J. Louque, and Major Bonita J. Pittman. In this lawsuit, plaintiff challenged the conditions of his former confinement within the Orleans Parish Prison system.[1]

To better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on November 4, 2015. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

At the Spears hearing, plaintiff testified that the showers, air vents, and walls of the sleeping areas at the jail were covered with mold and mildew. Those areas were not properly cleaned, with cleaning supplies being issued only when a jail inspection was imminent.

---

[1] At the time he filed this lawsuit, plaintiff had already been transferred from Orleans Parish into the custody of the Louisiana Department of Public Safety and Corrections.

## I.  Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2]  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)    is frivolous or malicious;
> (ii)   fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] and fully considering his Spears hearing testimony, the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II. Plaintiff's Claims

As noted, plaintiff complains that the showers, air vents, and walls of the sleeping areas at the jail were covered with mold and mildew. Obviously, there is a point beyond which a jail's conditions are so unsanitary as to render them unconstitutional. See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine,

---

[3] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). That said, it must be remembered that, although prisons should be reasonably clean, "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." McAllister v. Strain, Civ. Action No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009); accord Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions.").

      Further, the jurisprudence has repeatedly held that the mere fact that mold is present in a jail does not render an inmate's confinement unconstitutional. See, e.g., Eaton v. Magee, Civ. Action No. 2:10-cv-112, 2012 WL 2459398, at *5 (S.D. Miss. June 27, 2012) ("Plaintiff's claim that the bathroom and shower area are unsanitary and contain black mold fails to rise to the level of a constitutional violation."); Barnett v. Shaw, No. 3:11-CV-0399, 2011 WL 2200610, at *2 (N.D. Tex. May 18, 2011) (allegation of "excessive amount of black mold in the showers and sinks" was insufficient to raise a claim for constitutional violation), adopted, 2011 WL 2214383 (N.D. Tex. June 7, 2011); Reynolds v. Newcomer, Civ. Action No. 09-1077, 2010 WL 234896, at *10 (W.D. La. Jan. 19, 2010) (plaintiff's complaints of "the presence of black mold in living areas, eating areas, and shower areas" were found to "rise to no more than a *de minimis* level of imposition with which the Constitution is not concerned" (quotation marks omitted)); McCarty v. McGee, No. 2:06cv113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008) ("Plaintiff's claim that the shower he was forced to share with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation."). The same is true of the presence of mildew. See, e.g., McKinney v. Gusman, Civ. Action No. 14-2988, 2015 WL 2341719, at *2-3 (E.D. La. May 13, 2015); Simmons v. Gusman,

Civ. Action No. 14-1907, 2015 WL 151113, at *4 (E.D. La. Jan. 12, 2015); <u>Penn v. Jones</u>, Civ. Action No. 13-0830, 2014 WL 31351, at *2 (W.D. La. Jan. 2, 2014); <u>Mitchell v. Jefferson Parish Correctional Center</u>, Civ. Action No. 13-4963, 2013 WL 6002770, at *6 (E.D. La. Nov. 12, 2013); <u>Jones v. Catahoula Parish</u>, No. 11-CV-861, 2012 WL 704105, at *5-6 (W.D. La. Jan. 18, 2012), <u>adopted</u>, 2012 WL 696268 (W.D. La. Feb. 29, 2012); <u>Sneeze v. Terrebonne Parish Sheriff's Office</u>, Civ. Action No. 11-987, 2011 WL 2413464, at *3 (E.D. La. May 9, 2011), <u>adopted</u>, 2011 WL 2311867 (E.D. La. June 10, 2011); <u>Carter v. Strain</u>, Civ. Action No. 09-15, 2009 WL 3231826, at *3 (E.D. La. Oct. 1, 2009).

In summary, the Court notes that it is not unsympathetic to plaintiff's complaints concerning the conditions of his confinement. On the contrary, the Court has no doubt that the conditions within the Orleans Parish Prison system were uncomfortable and unpleasant. However, for the reasons explained herein, that simply is not test – the only issue before the Court is whether the conditions were *unconstitutional*. The conditions alleged in this case, while lamentable, were not unconstitutional.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

      New Orleans, Louisiana, this ninth day of November, 2015.

                _____
                **SALLY SHUSHAN**
                **UNITED STATES MAGISTRATE JUDGE**